UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Mary E. Hirth**

   v.                                          Case No. 15-cv-400-PB
                                                 Opinion No. 2016 DNH 037

**Wal-Mart Stores East, L.P.**

**MEMORANDUM AND ORDER**

Mary E. Hirth brought this action against her former employer, Wal-Mart Stores East, alleging that Wal-Mart discriminated against her on the basis of her gender. Hirth's complaint includes ten counts, only five of which are at issue here: three 42 U.S.C. § 1983 claims (Counts III, IV, and V); a 42 U.S.C. § 1981 claim (Count VI), and a state-law wrongful discharge claim (Count X). Wal-Mart has moved to dismiss these counts, arguing that they fail to state viable claims for relief.

**I.   BACKGROUND**

Hirth, a Caucasian American woman, began working for Wal-Mart in 2008 at the company's North Conway, New Hampshire store. Doc. No. 1 at 3. Hirth was hired as an overnight stocker and, despite receiving positive yearly reviews and pay raises, was

never promoted.  She remained an overnight stocker until July 2014, when she was terminated.

Hirth and a female co-worker were fired several days after they were found working atop steel warehouse racking, allegedly in violation of the company's safety policy.  Id. at 4-5.  Hirth apparently concedes that she and her co-worker were on top of the racking, but claims that she was never informed (until her termination) that her conduct violated Wal-Mart's rules.  Id.  She further states that her supervisor-on-duty, Mark Ayers, saw Hirth on top of the racking but did not tell her to get down, or explain that her conduct might result in discipline.  Hirth worked the rest of that week without learning that she had acted improperly, before eventually being fired.

About a month later, Hirth received a text message from her former Wal-Mart co-worker, "Lorraine," stating that "Store Planner, Dave (male) had his workers' [sic] on top of the steel [racking] . . . ."  Id. at 7.  According to Lorraine, Dave said that "he would take the hit if it was an OSHA violation," because climbing on the racking was "the only way to get the job done."  Id.  Dave retained his position with the company, even though Hirth and her female co-worker were fired for similar conduct.  Id.

Around that same time, Hirth asked to be reinstated to her former position.  When Wal-Mart denied her request, she filed

2

complaints with the Equal Employment Opportunity Commission ("EEOC") and the New Hampshire Commission for Human Rights. The EEOC then issued a right to sue letter, and Hirth timely filed this action. Id. at 7. In her complaint, Hirth alleges that she was wrongfully terminated, discriminated against on the basis of her gender, subjected to unfair disciplinary practices, and exposed to unequal terms of employment. Wal-Mart has moved to dismiss several of Hirth's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if it provides "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," id., but "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of wrongdoing. Twombly, 550 U.S. at 556.

I employ a two-step approach in deciding a Rule 12(b)(6) motion. See Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12

3

(1st Cir. 2011). First, I screen the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (citations, internal punctuation, and alterations omitted). I then accept as true all non-conclusory factual allegations and the reasonable inferences drawn therefrom, and determine whether the claim is plausible. Id.

### III.  ANALYSIS

Wal-Mart challenges Hirth's 42 U.S.C. § 1983 claims (Counts III, IV, and V); 42 U.S.C. § 1981 claim (Count VI), and wrongful discharge claim (Count X).[1] It first argues that the Section 1983 claims fail because Hirth did not allege that Wal-Mart was acting under color of state law when it allegedly discriminated against her. Second, it contends that the Section 1981 count fails because Hirth did not assert that she was discriminated against on the basis of race. And third, Wal-Mart challenges Hirth's wrongful discharge claim by arguing that she failed to allege that she was fired for doing something that public policy would encourage, or refusing to do something that public policy would condemn. I address each argument in turn.

---

[1] Hirth has also brought claims alleging Title VII violations (Counts I and II), and a violation of New Hampshire's Law Against Discrimination (Count VII). Because Wal-Mart has not moved to dismiss those claims, I do not address them here.

A.      **Section 1983 Claims**

In Counts IV, V, and X, Hirth brings claims pursuant to 42 U.S.C. § 1983, alleging that Wal-Mart violated her constitutional rights by (1) firing her on the basis of her gender, (2) refusing to promote Hirth because of her gender, and (3) failing to train and supervise its employees regarding gender-based discrimination.  Wal-Mart has moved to dismiss these claims, arguing that Hirth has not alleged an essential element of a Section 1983 claim, namely that Wal-Mart acted under color of state law.  I agree.

Section 1983 provides a private right of action against a defendant who, "under color of state law, deprives another of rights secured by the Constitution or by federal law."  Redondo-Borges v. U.S. Dep't of HUD, 421 F.3d 1, 7 (1st Cir. 2005).  To state a viable Section 1983 claim, "a plaintiff must show both that the conduct complained of transpired under color of state law and that a deprivation of federally secured rights ensued."  Santiago v. Puerto Rico, 655 F.3d 61, 68 (1st Cir. 2011).

Non-government actors generally are not subject to Section 1983 claims.  In limited circumstances, however, "the conduct of a private party may be fairly attribut[ed] to the State . . . and therefore may constitute action under color of state law."  Mead v. Independence Ass'n, 684 F.3d 226, 231 (1st Cir. 2012) (citations and internal punctuation omitted).  More

specifically, "[a] private party may become a state actor if [it] assumes a traditional public function when performing the challenged conduct; or if the challenged conduct is coerced or significantly encouraged by the state; or if the state has so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the challenged activity." Santiago, 655 F.3d at 68 (internal alterations and punctuation omitted). The plaintiff "bears the burden of proving that a private party's acts constitute state action." Mead, 684 F.3d at 231.

Hirth's Section 1983 claims fail because she has not alleged that Wal-Mart, a private company, should be treated as a state actor given the facts of this case. Even drawing every reasonable inference in Hirth's favor, she does not claim that Wal-Mart assumed a traditional public function when firing her; or that the state "significantly encouraged" Wal-Mart to discriminate against Hirth; or that Wal-Mart and the state are interdependent such that the state was a joint participant in Wal-Mart's alleged misconduct. Instead, Hirth merely asserts that Wal-Mart acted "under color of law" by "us[ing] an alleged Federal and/or State Safety violation as a basis to terminate" Hirth. Doc. No. 1 at 11 (presumably referring to the Occupational Safety and Health Act). This allegation, standing alone, is insufficient to show that Wal-Mart was acting under

6

color of state law.  See Alberto San, Inc. v. Consejo De Titulares Del Condominio San Alberto, 522 F.3d 1, 4 (1st Cir. 2008); Wojcik v. Town of North Smithfield, 874 F. Supp. 508, 517 (D.R.I. 1995) ("Action by a private party in compliance with a statute is not sufficient to justify a characterization of that party as a 'state actor.'").  Thus, Wal-Mart's choice to fire Hirth cannot "be deemed to be that of the State," Blum v. Yaretsky, 457 U.S. 991, 1004 (1982), and I grant Wal-Mart's motion to dismiss Counts IV, V, and X.

**B.    Section 1981 Claim**

Hirth next brings a claim pursuant to 42 U.S.C. § 1981.  Doc. No. 1 at 13.  To make out a viable Section 1981 claim, Hirth must show "that the alleged discrimination took place because of [her] race."  King v. Friends of Kelly Ayotte, 860 F. Supp. 2d 118, 128 (D.N.H. 2012).  Accordingly, "[t]he absence of any allegation of [race-based] discrimination is fatal" to a Section 1981 claim.  Dacey v. Steiner, No. 08-cv-212-PB, 2008 WL 4681628, at *2 (D.N.H. Oct. 20, 2008); see Landrigan v. City of Warwick, 628 F.2d 736, 739 n.1 (1st Cir. 1980).  Hirth's Section 1981 claim fails here because she has not alleged that she was subjected to racial discrimination.  Instead, Hirth claims only that Wal-Mart discriminated against her because of her gender/sex.  Doc. No. 1 at 13.  The absence of any allegation of

race-based discrimination is fatal to Hirth's claim, and warrants dismissal of Count VI.

C.   **Wrongful Discharge Claim**

Finally, Hirth alleges that she was wrongfully discharged in violation of New Hampshire law.  Doc. No. 1 at 10-11.  To make out a viable wrongful discharge claim, a plaintiff must show that (1) her termination was motivated by bad faith, retaliation or malice; and (2) that she was terminated for performing an act that public policy would encourage or for refusing to do something that public policy would condemn. Lacasse v. Spaulding Youth Ctr., 154 N.H. 246, 248 (2006).  "The first prong focuses on the nature of the employer's actions," Duhy v. Concord Gen. Mut. Ins. Co., 2009 DNH 074, 27 (citations and punctuation omitted), while the second prong "focus[es] on the acts of the employee and on their relationship to public policy, not on the mere articulation of a public policy by the employee."  Frechette v. Wal-Mart Stores, Inc., 925 F. Supp. 95, 98 (D.N.H. 1995).  "[O]rdinarily the issue of whether a public policy exists is a question for the jury, [but] at times the presence or absence of such a public policy is so clear that a court may rule on its existence as a matter of law." Short v. Sch. Admin. Unit No. 16, 136 N.H. 76, 84 (1992) (citations and punctuation omitted).  This is one of those cases.

Here, Hirth asserts that she was fired for performing an act that public policy would support, namely "in good faith and as permitted by her supervisors/employers for the period of August of 2008 to July 21, 2014; [Hirth] rightfully was allowed to be atop the warehouse racking when performing her job duties." Doc. No. 1 at 10. Although this claim is difficult to understand, Hirth seems to argue that public policy encourages an employee to do anything that her employer asks or permits her to do. Id. at 10-11; see Doc. No. 11-1 at 3.

Under the circumstances of this case, Hirth's proffered public policy cannot support a viable wrongful discharge claim. First, Hirth has not explained why public policy wound encourage an employee in Hirth's position to climb the warehouse racking – at best, it seems that public policy would be indifferent with respect to that potentially unsafe workplace behavior. Second, to the extent that Hirth argues that she was fired for complying with her supervisor's instructions, and following "usual custom and practice" at Wal-Mart, Doc. No. 11-1 at 3, her argument is unpersuasive. As courts in this district have recognized, "[i]f public policy encouraged an at-will employee to follow *only* those rules actually known by the employee, employees could insulate themselves from other policies simply by remaining oblivious to them." Frechette, 925 F. Supp. at 98 (emphasis in original). Accordingly, although ordinarily "the issue of

9

whether a public policy exists is a question for the jury," Short, 136 N.H. at 84, the absence of Hirth's proffered public policy is sufficiently clear that I may reject her position as a matter of law. I therefore grant Wal-Mart's motion to dismiss Count III.[2]

### IV. CONCLUSION

For the reasons set forth above, defendant's motion to dismiss (Doc. No. 10) is granted.

SO ORDERED.

/s/ Paul Barbadoro
Paul Barbadoro
United States District Judge

February 25, 2016

cc: Robert Young, Esq.
    Ronald Schneider, Jr., Esq.
    Talesha L. Caynon, Esq.

---

[2] In her objection to Wal-Mart's motion to dismiss, Hirth requested leave to amend her complaint. Doc. No. 11-1 at 5; see also Doc. No. 18 at 4. Pursuant to Local Rule 15.1, "a party who moves to amend a filing shall (i) attach the proposed amended filing to the motion to amend, (ii) identify in the motion or a supporting memorandum any new factual allegations, legal claims, or parties, and (iii) explain why any new allegations, claims, or parties were not included in the original filing." Because Hirth has not yet complied with these procedural requirements, her request is denied without prejudice. If Hirth wishes to move to amend her complaint, she may do so in accordance with the applicable rules.